CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
AUG 13 2008
JOHN F CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | Case No. 5:08CR00005-3 |
| v. | **REPORT AND RECOMMENDATION** |
| JOSE ANTONIO GUTIERREZ-RAMIREZ, | |
| *Defendant* | By: James G. Welsh |
| | U.S. Magistrate Judge |

The Grand Jury previously returned a multiple count Indictment ("Indictment") charging the defendant in Count One with knowingly conspiring, combining, and agreeing with others known and unknown to the grand jury to violate federal immigration laws, in violation of 18 U.S.C. § 371; in Count Two with aggravated identity fraud, in violation of 18 U.S.C. § 1028A; and in Count Three with knowingly conspiring, combining, and agreeing to commit identity fraud by trafficking in false identity documents, in violation of 18 U.S.C. § 1028(f). The defendant was previously arraigned and entered pleas of Not Guilty to each of these charges. Counsel for the defendant having indicated that his client has expressed an intent to change his plea to two of the charges, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on July 28, 2008. The defendant was at all times present in person and with his counsel, Frederick T. Heblich, Assistant Federal Public Defender. The United States was represented by C. Patrick Hogeboom, III, Assistant United States

Attorney. The defendant was provided with a Spanish translator who was placed under oath to provide an accurate translation of the proceedings. The proceedings were recorded by a court reporter. *See* Fed. R. Crim. P. 11 (g).

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry: the government presented a written proffer of evidence for the purpose of establishing an independent basis for the pleas, and the defendant entered a plea of guilty to Count One and a plea of guilty to Count Two of the Indictment. *See* Fed. R. Crim. P. 11 (a)(2).

### A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statements that he made under oath. *See* Fed. R. Crim. P. 11 (b)(1)(A).

The defendant testified that his full legal name is Jose Antonio Gutierrez-Ramirez; he is twenty-seven years of age; he completed high school in Mexico; and he can in fact read, write and understand English. Upon further questioning of his capacity to participate fully in the proceedings, the defendant denied having any medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceedings; he denied using any medications or drugs which might impair his ability to understand and participate fully in the

proceedings, and stated at the time that his mind was clear. The defendant's counsel represented that he had no reservations about the defendant's competency to change his plea and to enter a plea of guilty to the offenses charged in Counts One and Two.

The defendant testified that he had discussed the charges with his attorney and that he had previously received a copy of the Indictment against him. He stated that he understood the charges against him, and he also understood that the charges were felonious. *See* Fed. R. Crim. P. 11 (b)(1)(G). Additionally, the defendant testified that he had discussed with his attorney any defenses he might have and had been given adequate time to prepare any defenses to the charges. He stated that he was fully satisfied with the services of his attorney and that it was his intention and desire to change his prior pleas to Counts One and Two and to enter pleas of guilty to these charges.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge. After which, the defendant gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge, and his written consent was filed and made a part of the record.

The government's understanding of the plea agreement was then stated in some detail including: an outline of the charges against the defendant set forth in the Indictment, and the range of punishments (¶ 1); the defendant's agreement to enter a plea of guilty to Counts One and Two (¶ 2); the defendant's acknowledgment of the maximum statutory penalty for each offense (¶¶ 1 and 2); the defendant's obligation to pay the $200.00 special assessment (¶¶ 2 and 6 ); the government's

3

agreement to dismiss the remaining Count of the Indictment (¶ 3); the parties' agreement that Guideline sections 2L2.1 and 2X1.1 should apply to the defendant's criminal conduct (¶ 4); the acceptance of responsibility provision (¶ 5); the terms of the government's agreed sentencing recommendation (¶ 7); the agreement's provision concerning any evidence proffered by the defendant (¶ 9); the defendant's consent to removal from the United States (¶ 9); the defendant's acknowledgment of his restitution obligation (¶ 10); the defendant's duty to provide a financial statement (¶ 11); the defendant's waiver of his right to appeal his sentence and to attack collaterally the judgment and sentence imposed by the court (¶¶ 12 and 13); the agreement's substantial assistance provision (¶ 16); the defendant's waiver of any statute of limitations defense (¶ 15); and the substance of the agreement's other terms and provisions (¶¶ 14 and 17-21).

Counsel for the defendant and the defendant both separately stated that their understandings of the plea agreement were the same as those set forth by the government's attorney. Defendant's counsel further represented that all of the terms of the plea agreement had been fully reviewed with the defendant, and he was satisfied that the defendant understood each of its terms. The defendant was then shown the original plea agreement and affirmed it to be his signature on the document. In addition, he stated that no one had made any other different, or additional promise, or assurance of any kind, in an effort to induce him to enter a plea of guilty in this case. Furthermore, the defendant stated that no one had attempted in any way to force him to plead guilty in this case. The plea agreement was then received, filed, and made a part of the record. The undersigned noted for the record that the written Plea Agreement constituted the best statement of its terms and as such it "speaks for itself."

4

The defendant was thereafter asked if he understood that he was proposing to enter a plea of guilty to the charge of conspiring to violate federal immigration laws and to enter a plea of guilty to the charge of aggravated identity fraud. *See* 18 U.S.C. § 371 and 18 U.S.C. § 1028A respectively. The defendant confirmed that his understanding was the same, and testified that he knew his pleas, if accepted, would result in his being adjudged guilty of a felony. The defendant also acknowledged that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

After the government's attorney stated the minimum possible penalty provided by law for conviction under Count Two of the Indictment to be two years imprisonment, the defendant expressly acknowledged his understanding of this minimum mandatory penalty was the same.[1]

After the government's attorney stated the maximum possible penalty provide by law for the offenses charged in Counts One and Two, the defendant expressly acknowledged that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count One of the Indictment to be confinement in a Federal penitentiary for five years and a $250,000.00 fine and the maximum possible penalty provided by law for conviction of the felony set forth in Count Two of the Indictment to be confinement in a Federal penitentiary for two years and a $250,000.00 fine. *See* Fed. R. Crim. P. 11 (b)(1)(H).

---

[1] The defendant was informed that he could be sentenced to less than two years imprisonment only if the government makes a motion pursuant to 18 U.S.C. § 3553(e) on his behalf.

5

The defendant was informed and expressly acknowledged that the court's determination of his sentence would include consideration of multiple factors including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with education, vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. The defendant recognized and understood that the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. *See* Fed. R. Crim. P. 11 (b)(1)(J)-(K). He acknowledged that in the event the government was seeking forfeiture of property, it could seek forfeiture of substitute assets and he was waiving his rights to a jury determination of forfeitability and to appeal any issues of proportionality. He also stated that he knew he would be required to pay a mandatory Two Hundred Dollar ($200.00) special assessment. *See* Id. at 11 (b)(1)(L).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in accordance with applicable court decisions. *See* Id. at 11 (b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005). In addition, he acknowledged that he understood that the court would not be able to determine the recommended guideline sentence for his case until after the presentence report had

6

been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer. He acknowledged that he understood, irrespective of any sentence imposed by the court, he would have absolutely no right to withdraw his plea of guilty. He was informed and acknowledged that upon release from prison at the conclusion of any sentence of imprisonment, he could be obligated to serve a significant term of supervised release and if he violated the terms of the supervised release, it could result in his being returned to prison for an additional period of time.

He expressly acknowledged that by pleading guilty he was giving up his rights to have a jury determine beyond a reasonable doubt any of the facts alleged in Counts One and Two, including those relating to sentencing. The defendant stated that he fully understood that, pursuant to the terms of the plea agreement, he was waiving any right to appeal his conviction, any right to appeal any sentencing guideline issues, any right to appeal any sentence of the court within the guideline range on the ground that it is unreasonable, and any right to challenge his conviction or his sentence in any post-conviction proceeding.

Each of the defendant's procedural rights surrendered on a plea of guilty were also explained including: his right to persist in his previous plea of not guilty to the offense charged; his attendant right to a trial by jury; his right to be represented by counsel at trial and at every other stage of the proceeding; his right at trial to see, hear, confront, and to have cross examined all adverse witnesses; his right to be protected from compelled self incrimination; his right to testify and to present evidence in his defense; his right to the issuance of subpoenas, compulsory process or to compel the attendance of witnesses to testify in his defense; his presumption of innocence; the obligation of the

government to prove his guilt beyond a reasonable doubt; the right on his part to decline to testify unless he voluntarily elected to do so in his own defense; and his right to have a unanimous guilty verdict. *See* Fed. R. Crim. P. 11 (b)(1)(F).

In response to further questioning to ensure that his proposed plea was voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) his plea did not result from any force, threats, or promises of any kind, that his decision to plead guilty was in fact fully voluntary on his part and that it was being made with the advice and assistance of counsel. *See* Id at 11 (b)(2).

To permit the court to determine that an independent factual basis existed for the defendant's guilty plea, counsel for the government submitted a written Statement of Facts which was filed and made a part of the record. Therein, the government summarized the principal facts which it was prepared to prove at trial. The defendant and his counsel then separately stated that the government's proffer fairly summarized the government's evidence. In addition, the defendant acknowledged that he had read and signed the Statement of Facts to evidence his understanding of its content.

After consultation with his attorney, the defendant waived a reading of the Indictment and entered a plea of GUILTY to Count One alleging the defendant's violation of Title 18, United States Code, Section 371, and entered a plea of GUILTY to Count Two alleging the defendants violation of Title 18, United States Code, Section 1028A. After entering his plea as aforesaid, after an independent basis for the plea was established, and after being informed that the undersigned would

8

recommend acceptance of his aforesaid plea, the defendant reiterated that his plea was fully voluntary and that he was fully satisfied with the advice, assistance and services of his attorney.

After directing preparation of a presentence report, the defendant was asked whether he had required or felt any need for the assistance of the Spanish language interpreter during the Rule 11 hearing. In response, the defendant assured the court that he had been able to understand and participate fully in the hearing without the need for any Spanish language translation, and it was, therefore orally ordered that an interpreter would not be needed for the Sentencing Hearing. The defendant was then remanded to the custody of the United States Marshal pending its completion.

### B. GOVERNMENT'S EVIDENCE

The written Statement of Facts submitted by the government is made a part hereof and incorporated herein by reference.

### C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of facts, conclusions and recommendations:

1. The defendant is fully competent and capable of entering informed pleas of guilty;

2. The defendant is fully aware of the nature of the charges and the consequences of his guilty pleas to Counts One and Two of the Indictment;

3. The defendant is fully informed and he understands the enumerated items set forth in Rule 11 (b)(1)(A)-(N);

4. Before entering his pleas of guilty, the defendant and the government reached a plea agreement which was reduced to writing;

5. The defendant's entry into the written plea agreement and his tender of pleas of guilty to Counts One and Two were all made with the advice and assistance of counsel;

6. The defendant's entry of a plea of guilty to Count One was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

7. The defendant's entry of a plea of guilty to Count Two was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

8. The defendant's pleas of guilty are fully voluntary and did not result from any force, threats, or promises other than those contained in the plea agreement;

9. The plea agreement complies with the requirements of Rule 11 (c)(1); and

10. The evidence presented by the government established an independent basis in fact supporting the two offenses to which the defendant is pleading guilty, including *inter alia* proof of the offense elements, venue, and criminal intent.

## D. RECOMMENDED DISPOSITION

Based on the above findings, the undersigned RECOMMENDS that the court accept the defendant's pleas of guilty to Counts One and Two, that the defendant be ADJUDGED GUILTY of both offenses, that the government's motion to dismiss Count Three be granted, and that a sentencing hearing be scheduled before the presiding district judge on October 17, 2008 at 10:30 a.m.

### E.     NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636 (b)(1)(C). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of this court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States district judge.

The clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

DATED: 13th day of August 2008.

s/ James G. Welsh<br>
United States Magistrate Judge